Mathews, J.
delivered the opinion of the court. Having doubted the correctness of our opinion, and the judgment heretofore rendered in this case, we granted a rehearing, at *6 the request of the plaintiff, who is here appellant.
East'n District.
June, 1822.
The sole question in the cause is, whether the bond, on which the action is founded, has been forfeited, so as to make the obligors liable for its penalty? The condition on which the obligation was to have been avoided, is to to have a certain negro (therein mentioned) or his value forthcoming, to answer any judgment that might be rendered in a case then pending in the district court, against one of the obligors, and another person. The decree of the court in that case was, that said negro should be delivered to the appellants, who were plaintiffs in the former case, as well as in this. They rely much for a change of our judgment, on the 35th law of the 11th tit. Part. 5; in which it is clearly laid down, that, where a man promises to give or to do any thing, under a certain penalty, and on a day fixed, the obligee has a right to claim either the penalty or the specific performance of the thing, at his option. When no day certain is fixed, the obligor, should it be required of him by the other party, at a proper time and place, and he refuse, when it was in his power to have fulfilled his promise; or if *7 sufficient time had elapsed for him to have performed it, had he so intended ; from that time he will be bound to pay the penalty. It seems from this law, that a refusal to perform a promise, which has no time fixed for its fulfilment, when there is a demand to that effect, or an unreasonable delay in giving or doing the thing stipulated, will work a forfeiture of the penalty, under which such promise has been made.
The notice of the judgment was given to both the obligors on the same day, viz. 17th of November last. Bennet, from whom the fulfilment of the condition of the bond was demanded, did not refuse to comply; neither does it appear that Hunter refused. We have no doubt but that a tender or delivery of the negro to the sheriff, in discharge of the first judgment, if made in any reasonable time, and before suit actually commenced on the bond, would release the obligors. It does not appear that any request was made on Hunter to deliver the negro, or if it was, the time is not shewn. Bennet, on receiving notice of the judgment, and being required to cause a performance of the condition of his bond, offered at once to comply; but seems, on account of some cause not stated by the *8 witness, James, to have desired a little further time, which was not objected to. Before the service of citation in this suit, the negro was placed in the possession of the sheriff and in the course of about eight or nine days from the notice of judgment. Neither of the obligors refused to comply with their promise, when required so to do; nor does the delay, which intervened between notice of the judgment and the delivery of the negro to the sheriff appear to us, with all the circumstances of the case, to have been unreasonable. The reason of the law, which subjects promisors to the payment of the penalty under which they bind themselves, is want of intention to fulfil their engagements, evinced either by express refusal or by lapse of time. Now, in this case, the person on whom the demand was made, so far from refusing, agreed immediately to do or cause to be done, that which had been promised. Upon the whole, we are of opinion that the former judgment of the court ought not to be disturbed.
Hoffman for the plaintiffs, Hennen for the defendant.