*M. & F. GAYOSO DE LEMOS* vs. *GARCIA.*

If an improper return day for the appeal be fixed by the judge *a quo*, an appearance and joinder in error cures the defect.

The statement of the judge is presumed to be made in, consequence of the parties having disagreed.

A certificate that the record contains all the material testimony is sufficient.

Dilatory exceptions must be proved by the party making them, unless the affirmation on which they

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The petitioners state that they are the testamentary heirs of the late Don Manuel Gayoso De Lemos : that their ancestor died possessed of a certain tract of land, situate in the parish of East Baton Rouge, granted to him by the Spanish government, containing 1000 arpents : that this land has descended to them as his heirs ; and that one John Garcia sets up a claim to 375 arpents of said tract, has entered into possession of it, and refuses to give it up. They conclude by praying, that he may be decreed to surrender it, pay damages and costs, and that their title be declared superior to his.

The defendant pleads the general issue : that there was no such person as Manuel Gayoso, or if there were, that he did not exist at the commencement of the suit: that the ancestor of the plaintiffs died in New Orleans insolvent : that the land in question was sold to pay a privileged claim, which the representatives of his estate were ordered, by the constituted authorities, to discharge : that one Richard Raymond Keene became the purchaser, who transferred it to Jacques Bunch : that the defendant is testamentary heir to Bunch, who departed this life in the year      : that in virtue of these conveyances, he is subrogated to all the rights of the original mortgage creditor against the estate of Gayoso : that the heirs cannot recover, until they pay the amount of the debt, with interest ; and, lastly, that the plaintiffs are barred by prescription. In a supplemental answer, the defendant avers, that Bunch, under whom he claims, exchanged for the premises now in dispute, a certain tract of land, situate in the same parish : that one Jacob Drake, lately deceased, acquired it from Keene : that a certain Say is executor of Drake, and that, in case he (the defendant) is evicted of the land now sued for, the succession of

East'n District.
*June*, 1823.

M.&F. GAYOSO
DE LEMOS
*vs.*
GARCIA.

rest, involves a negative.

Where the issue is on the life, or death of a person once existing, the burthen of proof lies on the party asserting the death.

The defendant may read a deed from his vendor, to establish any fact which it will legally prove.

Lands granted by the king of Spain did not enter into the community of acquests and gains.

The prescription of four years against minors, runs only against them for those acts where the forms of law have been pursued in the alienation of their property.

An executor to whom power is given to act beyond the year, and settle

East'n District.
June, 1823.

M.&F. GAYOSO
DE LEMOS
vs.
GARCIA.

the estate, may act as long as it is necessary to accomplish the object.

An executor cannot sell property of his testator by private sale, although authorised to act, extra judicially. Minors' property cannot be alienatd in any other mode but that prescribed by law.

Drake is responsible in warranty, in consequence of having purchased the property given in exchange for that claimed by the present action.

Say was cited in warranty. He pleaded the general issue, and prescription.

The cause was submitted to a jury, who found for the defendant. The plaintiffs appealed:

The appellee has moved to dismiss the appeal, because the time fixed for its return by the judge, was contrary to law ; because, the bond required by the act of the legislature, has not been given, or if given, has not been sent up with the record ; and because, there is not a proper certificate of facts.

The first objection has been waved by the appearance of the defendant in this court, setting the cause for trial, and praying an affirmation of the judgment of the inferior tribunal. In the case of *Grayson* vs. *Veech*, we held, that acknowledging service, after the time fixed by the judge for the return of the appeal, had expired, was an evidence of the appellee's consent the appeal should be returned on a subsequent day, *Ante*, 134.

It is clear, that appearing and pleading to

merits, waves all errors of citation, *Dyson & al.*
vs. *Brandt & al.* 9 *Martin,* 497. *Febrero, lib.*
3, *cap.* 1, *sec.* 3, *n* 120. The error of the judge,
in making the appeal returnable on a too dis-
tant day, is one which may be certainly waved.
That it was waved cannot be doubted, for this
defendant appeared and did that, in relation to
his cause, which he could not have done in the
tribunal, unless he was legally brought before
it, or had chosen to acknowledge himself so.
We may illustrate this case, by supposing one
in the district court, where the defendant was
cited to appear not in ten, but in twenty days.
If instead of claiming the benefit of the mistake,
should it be one, he answered on the merits,
could he, at any subsequent stage of the cause,
allege for error that he ought to have been
cited at an earlier day? Surely not.

The objection, that the defendant could not
legally be brought here to answer this appeal,
unless security for the costs was given, is of
the same kind with that just disposed of, and
in our opinion, is also waved by the appellee's
acknowledging himself legally before the court,
in praying that the case should be examined on
its merits, and the judgment below affirmed.
The certificate of the judge, of the statement of

East'n District.
*June,* 1823.

M.&F. GAYOSO
DE LEMOS
*vs.*
GARCIA.

East'n District. facts, is in the following words : " The above
June, 1823.
~~~~~~ statement contains a list of the documentary ev-
M.&F. GAYOSO idence and the material testimony adduced on
DE LEMOS
vs. the trial of the case." The first ground on
GARCIA.
which this statement is objected to is, that the
judge had no right to make it out unless the par-
ties disagreed, and that it does not appear on
record, they did disagree. It is the opinion of
this court, that the judge must be presumed to
have given his certificate, on the occurrence of
that event which authorised him to give it ; and
that if the fact were otherwise, it was the
duty of the appellee to establish it. Officers
of such high station, in whom the law reposes
so much confidence, cannot be supposed to
have violated their duty.

It is next urged, that the judge has not given
his certificate in the mode pointed out by law,
that he has not sent up all the testimony, and
that he had no right to discriminate. His ex-
pressions are, that the record contains all the
*material evidence :* if this be true, and no sug-
gestion to the contrary is made, it would look
strange to remand the cause for want of *imma-
terial testimony.* But it may be useful to en-
quire, if under the act of assembly, which au-
authorises the judge to send up the facts, he

East'n District.
June, 1823.

M.&F. Gayoso
de Lemos
vs.
Garcia.

has not certified correctly. By the act of 1813, regulating the mode of bringing up causes to the court, the judge was authorised to make out a statement of facts. The manner in which he was to do it, was not pointed out. The consequence was, that immediately after the court went into operation under the state government, several questions on this subject were presented for decision. On examining the cases in which these questions were raised, we observe, that though it was very strenuously debated, whether *a statement of facts* could consist of the evidence taken on the trial, it was not denied, nor doubted, that the judge could make an abstract of the material facts as deduced from the evidence, and send it up for this tribunal to act on, in reviewing the judgment rendered below. Making an abstract, necessarily supposes the rejection of part, and the right in the judge to decide what he shall include, and what he shall leave out in the statement he signs. If the power be thus vested in him to discriminate, if by law he has a right to separate the wheat, from the chaff, and the statute has pointed out no particular mode in which it shall be done, we cannot deprive a party of having his cause re-examined in this

East'n District.
June, 1823.

M.&F. Gayoso
de Lemos
vs.
Garcia.

court, because the judge makes the separation, by sending up all the *material testimony*, instead of sending up all the *material facts*, as deduced from that testimony. Indeed the dispute appears to us, one rather of words, than of things.

Arriving at the merits and commencing our investigation with the plaintiffs' title, we find it to consist of a grant to their ancestor, and his last will and testament, by which they are instituted his heirs.

The first ground of defence assumed by the defendant, is, that there never was such a person as one of the plaintiffs, or if there were, he had ceased to exist at the commencement of the suit.

This plea presents one of those exceptions which are known to our law as dilatory, and in respect to which the general rule is, that they must be supported and proved by the party making them. *Pa. 3, tit. 8, law 9. Curia Philipica, p. 1, sec. 13, no. 6 and 3.* This rule however is subject to the same exception in regard to pleas of this kind, as in other matters; namely, that where the defence affirmatively set up, involves a negative, the proof must come from the other side, because in the nature of

things a negative cannot be proved. *Pa.* 3, *tit.* 14, *l.* 2. *Powers* vs. *Fouché*, 12 *Mar.* 73. The objection pleaded in this case, that there was no such person as one of the plaintiffs, contains a negative which throws the proof on the other side, that such a person did exist. That proof once given, it is the duty of the defendant to furnish the evidence which will support his other plea ; that the plaintiff was not in existence at the time of the suit; for this is an affirmation which if true, he can well establish, and the rule is that where the issue is on the life or death of a person once existing, the burthen of the proof lies on the party asserting the death. *Philips on evidence*, 152. The plaintiff has established his existence by the will of his father, and by the testimony of a witness that he lived in Spain. The defendant has not supported his, by either proof or presumptions ; though the law has furnished an easy mode of doing so, if the facts in the case would have authorised it. *Par.* 3, *tit.* 3, *l.* 19.

The counsel for the defendant has referred to the *Curia Phillipica, p.* 1, *sec.* 17, *no.* 22, to show that where the existence of an individual is the gist of an action, it is not sufficient to

East'n District.
June, 1823.

M.&F. GAYOSO
DE LEMOS.
*vs.*
GARCIA.

East'n District.
June, 1823.

M.&F. Gayoso
de Lemos.
vs.
Garcia.

prove that he was once alive, but that his actual existence must be established. This passage contains nothing contrary to the rules which we have already intimated must govern this case; indeed it is an authority in support of them. It is merely an enunciation of the principle, that he who affirms, must prove. By the laws of Spain if suit were commenced for property, the right to which depended on the death of another, the plaintiff was obliged to furnish testimony of the decease of the individual through whom he claimed. But if instead of the death of a third party, being the basis of the action, it was founded on his existence, as where the claim was for an annuity, pension, or salary dependent on his life, the law required proof of that existence, according to the well known maxim *ei incumbit probatio qui dicit, non qui negat.* This maxim is indeed the source from which are derived all the rules we find scattered through the books of Spanish jurisprudence on this subject of proving the decease of a person. If the death of another is alleged, it must be established—if his life is affirmed, it must be proved—but if 100 years have elapsed since his birth, this presumption will supply the necessity of offering evidence of

his having died. We have already seen on whom the affirmative devolves in this case. *Febr. Addic. Par. 2, lib. 3, cap. 1, sec. 7, no. 373, Curia Phillipica juicio Civil, 1, sec. 7, no 22, Merlin question de droit, vol. 1, p. 1, 2 Martin, 138, 9 Martin, 264.*

But if we were to admit with the defendant, that the proof is insufficient to establish that such a person as Manuel Gayoso ever existed, the defendant would be in no way benefitted, for then the whole estate would fall to Fernando the other plaintiff.

There are several bills of exception of record which have not been noticed on argument. They have been examined, and it does not appear to us any error has been committed by the court below ; except in refusing permission to the defendant to read the deed from the executor to Keene for any other purpose, except to support possession. We think the defendant had a right to read the deed in evidence, to shew the title under which he claimed. As however it comes up on the record, the appellee can have every benefit from it, he could have had, if regularly received in the court below.

The title of the plaintiffs is founded on a grant made to their father during marriage, and

East'n District.
June, 1823.

M.&F. Gayoso
de Lemos
vs.
Garcia.

it has been urged that the land thus acquired entered into and made a part of the community subsisting between husband and wife. Whatever support this argument may derive from the practice which we believe has prevailed in some parts of the state to regard lands granted by the sovereign as property common to both spouses: it is certain that it is not only unsupported by authority, but that the law most positively says it shall not be common to both: but that it shall belong exclusively to the individual to whom the King grants it. *Novissima Recop. liv.* 10, *tit.* 4, *leyes* 1, 4 *y* 5, *Febr. p.* 1.

It is alleged that one of the plaintiffs has suffered four years to elapse since he has attained the age of majority, and that his claim is barred by prescription. This period of four years, within which the minor was required by the Spanish law to commence suit, applies solely to those cases where the contract was entered into in due form, and where in consequence of *lesion* in the contract, relief was sought by an action demanding what is called *restitutio in integrum, Febr. p.* 2, *lib.* 3, *nos.* 87, 91, 92 *and* 93. *Chesneau's heirs* vs. *Saddler*, 10, *Martin* 728. But where the property was alienated contrary

East'n District.
*June*, 1823.

M.&F. GAYOSO
DE LEMOS
*vs.*
GARCIA.

to the forms prescribed, this prescription did not apply, for as to the minor no contract existed, and consequently no action was necessary to set it aside. *Febr. p 2, ch. 3, sec.* 1, *no.* 71, 8 *Mar.* 619 : 11 *ibid*, 716, 717. It is unnecessary to examine whether the defendant's title is such one as enables him to plead the prescription of ten years, for that period has not elapsed since either of the plantiffs has arrived at the age of majority.

The main question in this cause is the validity of the sale from the executor. The facts necessary to be stated in regard to that sale are shorly these. The executor Armesto was by the terms of the will "without intervention of justice to take poesession of the testator's goods, inventory them, appraise them, and sell them." *Sin intervenga justicia alguna, tomen posecion de mis bienes, verifiquen, inventario, estimacion, y venta;* and forthe better enabling him to settle his estate, he by a subsequent clause in the will, extends the time of the executorship beyond the year given by law. Several years after the death of the testator, a decree was given by the tribunals of justice under the late government, that the executor should pay a debt due to a certain Romana Santillana. Three years after

East'n District.
June, 1823.

M.&F. GAYOSO
DE LEMOS
vs.
GARCIA.

the decree; eight after the decease of the plaintiff's executor, and subsequent to the change of government, the executor sold at private sale, the tract of land, a part of which is now sued for. Three months after, the attorney in fact of Santillana signed a receipt, in which he acknowledged he approved of the sale, because the executor had paid him $3000 due his principal. The first question on these facts is, whether the power of the executor had expired at the time the sale was made, and this depends upon that clause in the will, by which the authority of the executor is extended for such time, as will be necessary to accomplish the object of his appointment. If the testator had the power to make his will in this manner, it necessarily follows the executor's authority did not cease, until the will was executed. The evidence shows the succession was not settled at the time of making the sale, and leaves us uninformed of the causes which retarded it. We therefore conclude, he was then in the legal exercise of the functions conferred on him by the will.

But the great difficulty remains, had he authority to dispose of the property at private sale? It is contended on the one side that he had,

East'n District.
*June*, 1823.

M.&F. GAYOSO
DE LEMOS
*vs.*
GARCIA.

because the will directs him to make an inventory, estimation and sale, without the intervention of justice; while on the other hand, it is urged that by the laws of Spain, the executor is forbidden to dispose of property except at auction ; and as the land now sued for belonged to minors, the formalities prescribed for the alienation of their immoveables, must be strictly pursued.

Much weight has been attached, to the testator's authorising the executor to sell without the intervention of justice, but it appears to us, that little can be given to this circumstance. If selling at auction were one of those formalities, which belonged exclusively to sales made by executors under the decree of a judge, or the orders of a court, it might indeed be contended the testator had waved it. But the law makes no such distinction. It speaks of all sales made by them, and of course includes those made under the authority of the testator, as well as those directed by a judgment. None of the commentators within our reach speak of any exception. Would it be proper there should be any? We think not. The power conferred is extensive, and liable to great abuse. None of the formalities, therefore, which ensure publicity to

East'n District.
June, 1823.

M.&F. Gayoso
DE LEMOS
vs.
[GARCIA.

the sale of the property, and a fair price, ought to be dispensed with. Indeed we are bound to presume that the knowledge of the existence of a law that might check the abuse of this extensive power, was one of the reasons that induced the testator to confer it.

It is next contented that the terms of the law do not prohibit private sales by executors; they only *direct* them to be made at auction. What force this argument would have in an ordinary case, need not be considered. In regard to minors' property *any other mode of alienating but that which is directed, is prohibited.* This is the language of all the books, and it is the doctrine we have repeatedly acted on. *Par.* 6, 16, 18, *id* 5, 5, 4, *Febr. p.* 2, *lib.* 3, *chap.* 3, *sec.* 1, *no.* 68, *a.* 80. *Francoise,* vs. *Delaronde,* 8 *Martin,* 625. *Chesneau's heirs* vs. *Sadler,* 10 *Martin,* 6.

We have kept this case long under advisement, to satisfy ourselves whether a distinction did not exist, in regard to sales of minors' property, made by executors, and those made by tutors. We have found in the law a difference in the formalities by which these sales are to be made, but we have found none in the necessity of pursuing those prescribed, and we dare not now introduce for the first time, the principle, that

East'n District.
*June*, 1823.

M.&F. Gayoso
de Lemos.
*vs.*
Garcia,

the sale of the immoveable property belonging to a minor, no matter by whom made, can be legally made, unless the law is exactly pursued. We cannot see to what extent such an innovation would lead us. There is no doctrine in our jurisprudence more firmly established than that, which the plaintiff invokes. It makes a part of the legislation, and the policy of all those nations whose laws are derived from the same source as ours, to stamp as null and void, the alienation of the property of persons under age, when the forms prescribed for their protection, have not been pursued. A principle so extensive, and which has taken such a deep root in the institutions of the greater portion of the civilized world, should be approached with caution, and ought not, except on the soundest reasons, be infringed by this court.

It has been pressed on us, that the tutor is obliged to pursue the formalities of the law, because he holds his authority from the judge, but that the executor derives his, from the deceased. We are unable to perceive in this respect any difference between the *testamentary tutor*, and the executor: both derive their powers from the same source. And we find it laid down as law, that although the father of the

East'n District.
June, 1823.

M.&F. Gayoso
de Lemos.
vs.
Garcia.

minor, when he directs a particular thing to be sold to a certain person for a fixed price, dispenses with the formalities of alienation ; yet that a general power in the will to sell, in removing the legal prohibition to alienate, does not authorise a departure in the tutor, from the solemnities necessary for the sale of minors' property. *Febr. lib.* 3, *cap.* 3, *sec.* 1, *no.* 72.

Lastly, it has been urged, the plaintiffs should repay the purchase money received by the executors before they can take back the land, as the price has been applied to the payment of the judgement debt of the ancestor.— This it appears can only be done when the sale has been made in due form, and the minor sue for restitution *in integrum, Febr. p.* 2, *c.* 3, *sec.* 1, *no.* 86, Lopez in his commentary on the 4th law of the 10th title of the 6th Partida, says indeed, that the warranty of the executors in a sale descends on the heirs, but this of course means a sale made according to law. Supposing this however, to be a case where the court could exercise the power of compelling the plaintiff to do equity ; the proof on record does not enable us to say what is the relative value of the land sued for, to the whole tract sold. Again the vendors of the defendant are

not cited in warranty, but the possessors of the property which the appellees immediate vendor got in exchange for that now claimed.— We cannot in this suit, examine the rights of the parties growing out of that contract, and on the whole we do not see, if we had the power, that the defendant would be benefited by decreeing to him that portion of the original purchase money, which the quantity of land he holds, would authorise him to demand.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, that the plaintiffs do recover of the defendant the tract of land mentioned in the petition, and that the appellee pay costs in both courts.

*Workman* for the plaintiffs, *Hennen* and *Preston* for the defendants.